IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOYLE WAYNE HILL, § | | |
| TDCJ #383528, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-0431 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

State inmate Doyle Wayne Hill (TDCJ #383528, former TDC #339029) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the calculation of his sentence. The respondent has answered with a motion to dismiss or, alternatively, a motion for summary judgment, arguing that Hill is not entitled to relief [Doc. # 8]. Hill has filed more than one reply [Docs. # 9, # 10]. After considering all of the pleadings, the exhibits, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.     BACKGROUND**

Hill is presently in custody as the result of a 1984 murder conviction from Grimes County, Texas. Hill received a 15-year prison sentence in that case. Hill was convicted of murder again in 1987, in Brazoria County, Texas, for stabbing another inmate to death with a homemade weapon. The trial court in that case imposed a consecutive sentence of 18

years' imprisonment. *See Hill v. State*, No. 14-87-00896-CR, 1988 WL 49805 (Tex. App.—Houston [14th Dist.] May 19, 1988, pet. ref'd).

Hill, who remains incarcerated at the Ellis Unit in Huntsville, does not challenge the validity of his underlying state court convictions here. In the pending federal habeas corpus petition filed on January 30, 2012,[1] Hill seeks his immediate release from custody under 28 U.S.C. § 2254 on the grounds that prison officials have calculated his sentence in error. Hill alleges that prison officials have wrongfully "taken" 815 days of previously earned good-time credit without due process. Hill concedes that these good-time credits were forfeited as the result of one or more disciplinary convictions. Hill does not provide any details about these proceedings. Nor does he challenge the validity of the disciplinary convictions that resulted in the loss of good-time credit. Liberally construed, Hill contends that prison officials have failed or refused to reinstate 815 days forfeited good-time credits. Hill claims that, by failing to reinstate the 815 days of good-time credit that he lost as the result of prison disciplinary infractions, officials have wrongfully delayed his early release onto the form of parole known as mandatory supervision.[2]

---

[1] Although the Clerk's Office recorded the petition as filed on February 13, 2012, Hill executed the petition on January 30, 2012, indicating that he placed his pleadings in the prison mail system on that same day. Under the mail-box rule, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

[2] There are two ways in which a prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced
(continued...)

The respondent has filed a motion to dismiss or, alternatively, a motion for summary judgment, arguing that Hill failed to exhaust available state court remedies with respect to his claim. The respondent argues further that Hill's sentence has not been calculated incorrectly and that his claim is without merit. The parties' contentions are discussed further below under the federal habeas corpus standard of review.

## II.   DISCUSSION

### A.   Exhaustion of State Remedies

Hill contends that prison officials have erred by failing to reinstate 815 days of previously earned good-time credits that he forfeited as the result of disciplinary violations. Hill believes that, if these forfeited credits had been reinstated, he would have been eligible for early release from prison onto mandatory supervision on December 11, 2011. Without these credits, it appears that Hill's projected early release date is October 31, 2012.

The respondent notes that Hill's claim concerns a dispute about the calculation of time

---

$^2$(...continued)
to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)). Under the statute currently in place, inmates such as Hill, who have been convicted of murder, are not eligible for mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149.

credits and that he did not present this issue for review by prison administrative officials as required by Texas law. Likewise, Hill did not challenge the calculation of his sentence in state court before seeking federal habeas review. The respondent argues, therefore, that Hill's claim is subject to dismissal for failure to exhaust available state remedies.

According to the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts

"if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant exhausts his state court remedies by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas). In addition, as of January 2000, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07. *See* TEX. GOV'T CODE § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *see also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (observing that Texas law requires prisoners with a time-credit dispute to seek administrative review "and wait until they receive a written decision or until 180 days elapse before filing a state habeas application").

Hill has filed more than one response to the motion to dismiss. Hill does not allege or show, however, that he attempted to resolve his time-credit dispute by presenting this claim to the TDCJ dispute resolution tribunal or the state courts. Likewise, he does not attempt to demonstrate that state remedies were unavailable or that he fits with any exception to the exhaustion requirement. Because Hill did not seek review of his claim through the

prison administrative process or the state courts, the Court concludes that his petition is unexhausted and subject to dismissal for that reason. Alternatively, Hill's claim fails for other reasons outlined briefly below.

### B. The Claim is Without Merit

As noted above, Hill contends that prison officials violated his right to due process by refusing to reinstate 815 days of previously forfeited good-time credits, thereby delaying his early release from prison. The respondent moves for summary judgment on the grounds that Hill fails to show that his sentence was calculated incorrectly or that he was entitled to have his forfeited good-time credits reinstated under state law.

The Court pauses to note that, to the extent that Hill's claim depends on state law, he does not articulate a valid claim for relief under the federal habeas corpus statutes. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). An error of state law "does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990). To fit within this narrow category, the alleged error must violate "those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which 'define the community's sense of fair play and decency.'" *Id.* at 353 (internal citations

and quotations omitted). Hill fails to make that showing here because, for reasons outlined briefly below, he fails to establish that his sentence was calculated in error.

At all times relevant to this case, Texas law has provided that good-time credit earned by inmates is a privilege and not a right. *See* TEX. REV. CIV. STAT. art. 6181-1, § 4 (1985); *see also* TEX. GOV'T CODE § 498.003(a) (governing the accrual of good-time credit today). Texas law has long held that good-time credit may be forfeited either by violating prison disciplinary rules while in custody or by violating the terms and conditions of his conditional release on parole. *See Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983). If a prisoner commits a disciplinary infraction while incarcerated, TDCJ may forfeit all or any part of the inmate's accrued good-time credit. *See* TEX. GOV'T CODE § 498.004(a). Alternatively, the department may suspend good-time credits as punishment for a disciplinary violation. *Id.* Good-time credit that is suspended as the result of a disciplinary violation may be reinstated. *Id.* By contrast, forfeited good-time credit "may not" be restored. *Id.*; *Teague v. Quarterman*, 482 F.3d 769, 779 n.59 (5th Cir. 2007) (recognizing that, "[u]nder Texas law, once an inmate's good-time credits are forfeited, they can never be restored.") (citing TEX. GOV'T CODE § 498.004(a)).

The respondent presents records showing that Hill forfeited the 815 days of good-time credit at issue as the result of several disciplinary proceedings. According to an affidavit from Charley Valdez, who is a TDCJ Classification and Records Supervisor, Hill forfeited 815 days of good-time credit due to multiple "major" disciplinary infractions committed between February 16, 2003, through August 5, 2010. *Affidavit of Charley Valdez*, Doc. # 8,

7

Ex. C. Valdez explains that, under § 498.004(a) of the Texas Government Code, TDCJ is not authorized to reinstate the good-time credits that Hill forfeited as a result of these disciplinary violations. The record does not show otherwise.[3] Because officials had no authority to reinstate the good-time credits at issue, Hill does not demonstrate that his sentence was calculated in violation of state law.

More importantly, Hill does not show that his sentence was calculated in violation of the right to due process. In that respect, the Fifth Circuit has held that Texas inmates have no protected liberty interest under the Due Process Clause in the restoration of good-time credits that were forfeited for disciplinary infractions. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997) (confirming that Texas inmates have no protected liberty interest in the restoration of forfeited good-time credits) (citing *Greenholz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 11 (1979)); *Turner v. Johnson*, 46 F. Supp. 2d 655, 671 (S.D. Tex. 1999). Therefore, notwithstanding Hill's failure to exhaust state court remedies, this Court is authorized to deny relief on the merits. *See* 28 U.S.C. § 2254(b)(2).

## III.     CERTIFICATE OF APPEALABILITY

---

[3] The respondent notes that 30 days of suspended good-time credit was reinstated to Hill's sentence on August 6, 2011. Valdez explains in his affidavit that *suspended* good-time credit may be reinstated under § 498.004(a), whereas *forfeited* good-time credit may not. Hill submits time slips from September 7, 2011, and December 14, 2011, which contain conflicting information about the total amount of good-time lost in relation to the "minimum expiration date" of his sentence. [Doc. # 10, Exhibits A & B]. Valdez clarifies, however, that officials could not reinstate the 815 days of previously forfeited good-time credit under § 498.004(a). It is not clear why the time slips list different amounts of good-time credit. Assuming that there was a mistake on the time slips, Hill does not demonstrate that the error caused his sentence to be calculated in violation of state law or the right to due process.

Because the habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

9

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss and alternative motion for summary judgment [Doc. # 8] is **GRANTED**.

2. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on June 7, 2012.

_____
Nancy F. Atlas
United States District Judge